IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANTHONY GRAYER,              )
                             )
            Plaintiff,       )
                             )
    v.                       )    No. 06 C 3321
                             )
RUFUS CLARK, et al.,         )
                             )
            Defendants.      )

## MEMORANDUM ORDER

Within a week after this Court's receipt of the self-prepared 42 U.S.C. §1983[1] Complaint brought by Anthony Grayer ("Grayer") against three named and some unidentified correctional personnel at Stateville Correctional Center ("Stateville"), this Court issued a June 27, 2006 memorandum order ("Order") that:

    1. found that Grayer's allegations established his having satisfied the requirement of Section 1997e(a) that Grayer must have exhausted the administrative remedies available at Stateville as a precondition to filing this action;

    2. granted Grayer's application for in forma pauperis treatment;

    3. held that Grayer's substantive allegations (again accepted as true for that purpose) survived the preliminary screening called for by 28 U.S.C. §1915A(a); and

---

    [1] All further references to Title 42's provisions will simply take the form "Section--."

>     4. caused counsel to be appointed to represent Grayer
>        pro bono publico.

Now the three named defendants have filed their Answer, including four purported affirmative defenses ("ADs"), and this memorandum order addresses the sufficiency of that responsive pleading.

Although the Answer itself is impeccable from a pleading perspective, setting out either admissions or denials or disclaimers giving rise to deemed denials pursuant to the second sentence of Fed. R. Civ. P. 8(b) as to all allegations of the Complaint, the same cannot be said regarding the ADs. As to the latter, AD 1 raises a question that must be answered at the outset, while the other three pose various other problems. What follows addresses those issues.

First, AD 1 asserts Grayer's failure to have exhausted all available administrative remedies, which if true would require dismissal of this action for failure to have satisfied the precondition to suit under Section 1997e(a). But as stated earlier, the Order (accepting Grayer's allegations as true, as this Court was required to do) found that precondition to have been satisfied based on Grayer's allegations in Complaint ¶III.C. Hence defense counsel must promptly provide more specifics on the subject so that this Court can address it on a fully informed basis--and that supplemental submission must be made on or before October 2, 2006, failing which that AD will be dismissed as

having been forfeited.

AD 2, which asserts qualified immunity, is puzzling for more than one reason. To begin with, it speaks only of "Defendant" in the singular, while (as stated at the outset) Grayer has targeted three named defendants as well as some unnamed "John Doe" defendants. Again defense counsel must flesh out that claim on the same timetable, once again on pain of a ruling that the defense has been forfeited if no such submission is timely made.

Next, AD 3 must be viewed as frivolous, for Grayer has set out many more specific fact allegations than are required under the federal courts' notice pleading regime. That AD is stricken.

Finally, AD 4 is also puzzling (to say the least). Once more "Defendant" is spoken of in singular terms, on top of which it is unclear what "injunctive relief against Defendant" is referred to there. That AD is also stricken, but in this instance with leave granted to replead on a more intelligible basis within the same time frame.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 21, 2006