```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION
```

ANTHONY GRAYER,              )
                             )
v.                           )  No. 06 C 3321
                             )
                             )
RUFUS CLARK, et al.,         )
                             )

## MEMORANDUM ORDER

This Court's September 21, 2006 memorandum order ("Order") raised several questions prompted by the affirmative defenses ("ADs") that had been included in the Answer submitted by the Attorney General's Office to the pro se 42 U.S.C. §1983[1] complaint brought by Anthony Grayer ("Grayer"). And particularly as to AD 1, which asserted Grayer's noncompliance with the exhaustion of administrative remedies required by Section 1997e(a), the Order concluded by stating:

> Hence defense counsel must promptly provide more
> specifics on the subject so that this Court can address
> it on a fully informed basis--and that supplemental
> submission must be made on or before October 2, 2006,
> failing which that AD will be dismissed as having been
> forfeited.

No such supplemental submission was delivered to this Court. It was only when this Court, following up on the list of filings due from litigants that it maintains in an effort to police its own calendar, had its courtroom deputy check for any electronic filings that it was discovered that defendants had indeed filed a

---

[1]All further references to Title 42's provisions will simply take the form "Section --."

document captioned "Amended Affirmative Defenses" on October 2 as Dkt. No. 27.

Although the practice followed by many lawyers is to transmit paper copies of electronic filings to this Court's chambers as what they label "courtesy copies," more than simple courtesy (which is of course to be expected) is involved. This District Court has adopted an express rule (LR 5.2(e)) that <u>requires</u> the delivery of paper copies to chambers -- and after all, it is lawyers' responsibility to comply with court rules, rather than imposing that burden on judges and their staffs.

Regrettably some lawyers, despite the fact that the LR's requirement is explained as part of the training for electronic filing, do not comply with its provisions. For that reason this Court has previously placed on its website a specific paragraph headed in boldface capitals "**DELIVERY OF PAPER COPIES - SPECIAL PROVISION.**" And in part the text of that paragraph states, also in boldface:

> **All counsel are therefore notified that any noncompliance with LR 5.2(e) will result in the imposition of a fine whenever circumstances make such a sanction appropriate**.

In this instance defense counsel's noncompliance is particularly troublesome, because Section 1997e(a) expressly makes the exhaustion of administrative remedies a precondition to the filing of any prisoner lawsuit. Under the circumstances, the Attorney General's Office is ordered to pay, as such a fine, the

sum of $100 to this District Court's Clerk's Office on or before October 18, 2006 (Identifying the payment as relating to this case).

With that out of the way, it is time to turn to the substantive impact of the amended AD 1. Because defendants have indeed established Grayer's non-compliance with the statutory mandate, this action must be and is dismissed.

DATED: October 6, 2006

_____
Milton I. Shadur
U.S. District Court Judge